UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

FAWNE CARVER,

    Plaintiff,

  v.          Civil Action No._____

AMERICAN SERVICING AND RECOVERY GROUP, LLC

    Defendant.

10 CV 802

## COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES the Plaintiff, FAWNE CARVER, by and through her attorney, Law Office of Carol Brent, and for her complaint against the Defendant, AMERICAN SERVICING AND RECOVERY GROUP, LLC Plaintiff states as follows:

## I. INTRODUCTION

1. This is an action for actual and statutory damages brought in response to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d),

1

28 U.S.C. § 1331 and 28 U.S.C. § 1337.

3.  Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

## III. PARTIES

4.  Plaintiff, Fawne Carver, is a natural person residing in the County of Erie and State of New York and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5.  Defendant AMERICAN SERVICING AND RECOVERY GROUP, LLC is a foreign limited liability company organized and existing under the laws of the state of Texas and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6.  Defendant regularly attempts to collect debts alleged to be due another.

7.  The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

8.  All references to "Defendant" herein shall mean the Defendant or an employee of the Defendant.

## IV. FACTUAL ALLEGATIONS

9.  Upon information and belief Defendant was employed by a creditor to collect on the subject debt.

10. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

11. That on or about May, 2010, Defendant called the Plaintiff concerning a debt for a deficiency incurred on a property that was foreclosed upon in 2007.

12. Defendant left Plaintiff a message.

13. That on or about May 5, 2010, Sonya, a duly authorized representative of Defendant called the Plaintiff.

14. That Sonya was rude and called Plaintiff a bitch.

15. That Plaintiff requested to speak to a supervisor and Sonya stated that she was the only one at the office.

16. That Sonya discontinued the telephone call with Plaintiff.

17. That Plaintiff called Sonya back right away.

18. That Plaintiff informed Sonya that she had filed for bankruptcy and that the subject debt was listed on the bankruptcy petition.

19. That Plaintiff gave Sonya the bankruptcy case number.

20. That Plaintiff requested that the Defendant not call her again.

21. That Plaintiff called Defendant the following day and requested to speak to a supervisor.

22. That the supervisor, Karen Suarez, assured the Plaintiff that the calls would stop.

23. That after speaking with Ms. Suarez, the calls continued and Defendant began to call Plaintiff multiple times per week in attempt to collect on the subject debt.

24. That Plaintiff has received multiple calls from Defendant each week during August and September, 2010.

25. That Defendant has not provided to Plaintiff, within five (5) days of its initial communication to collect the alleged debt, with written communication of the amount

of the debt, the name of the creditor to whom the debt is allegedly owed or a statement that unless the consumer, within 30 days after the receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

26. That as a result of Defendant's actions Plaintiff became nervous, upset, anxious and suffered from emotional distress.

## V. CAUSE OF ACTION

27. Plaintiff repeats, re-alleges and incorporates by reference paragraphs 1 through 26 above.

28. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C.§1692 et seq.) as follows:

A. Defendant violated 15 U.S.C. §1692d and 15 U.S.C. §1692d (5) by repeatedly causing Plaintiff's telephone to ring with the intent to annoy, abuse or harass.

B. Defendant violated 15 U.S.C. §1692f and 15 U.S.C. §1692f(1) by attempting to collect a debt that Plaintiff did not owe.

C. Defendant violated 15 U.S.C. §1692d by continuing to call the Plaintiff after being informed that the debt was discharged in bankruptcy.

D. Defendant violated 15 U.S.C. §1692d(2) by using profane language and calling Plaintiff a bitch.

E. Defendant violated 15 U.S.C. §1692e(5) by threatening to take an action that cannot legally be taken, collecting on a debt discharged in bankruptcy.

F. Failure to comply with the provisions of 15 U.S.C. §1692g(a).

4

29. That as a result of the Defendant's FDCPA violations alleged herein, Plaintiff

became nervous, upset, anxious and suffered from emotional distress.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the

Defendant for:

(a) Actual damages;

(b) Statutory damages pursuant to 15 U.S.C. § 1692k.

(b) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(c) For such other and further relief as may be just and proper.

## VI.  JURY DEMAND

Please take notice that Plaintiff demands trial by jury in this action.

Dated:  October 8, 2010

Carol A. Brent
Law Office of Carol Brent
Attorney for the Plaintiff
331 Alberta Drive, Suite 214
Amherst, NY 14226
(716) 650-0750
Email: carolbrent@brentlawoffice.com